## Stickle's Appeal.

Where there are two clauses in a will, which are so inconsistent with each other that it is impossible to give effect to both, the former must give way to the latter.

A bequest of "one dollar in addition to what I have already given him," will not prevent a legatee sharing with those of equal degree, the advantages of a subsequent bequest in the same will to "my nearest heirs."

APPEAL from the decree of the Orphans' Court of *Washington county*, in the matter of the distribution of the estates of Charlotte Loar and George Loar, deceased.

George Loar and Charlotte Loar were brother and sister, living together on land of which they were the joint owners. In June, 1844, they made cross-wills in each other's favour, and died unmarried and without issue, George in 1851, and Charlotte in 1855. They had survived both their parents, and all their brothers and all their sisters, leaving as their nearest heirs at law, the children of Yost Loar, deceased, a full brother, and Peter Stickle, the appellant, the only child of Catharine Stickle, deceased (formerly Loar), a full sister. The will of George Loar was proved on the 13th day of June, 1851, and that of Charlotte on the 26th of March, 1855. Both wills were drawn by Abraham Young, Esq., their friend and neighbour, and he and James Barnard were appointed the executors of each instrument. George in his will, after some small legacies, gave the whole of his real and personal estate to his sister Charlotte, to hold during her natural life, and at her decease "to be equally divided amongst my nearest heirs." The testator further gave authority to his executors, at the death of Charlotte, to sell all his real and personal estate, make deeds to the purchaser, and "distribute the proceeds amongst my heirs." Charlotte, in her will, after some small legacies, gives all her real and personal estate to her brother George, during his natural life, and at his death, "then to be equally divided amongst my nearest heirs," and further ordered the executors, at the decease of George, to sell all her real and personal estate, execute deeds to the purchaser, and "distribute the proceeds amongst my heirs."

[Stickle's Appeal.]

Each of the testators bequeathed to Peter Stickle one dollar in addition to what they had already given him.

The lands of the testator were all sold by James Barnard, the surviving executor, who settled his administration account of George's estate, to August Term, Orphans' Court, 1856, which was duly confirmed, and Joseph Henderson appointed auditor, to distribute the moneys amongst the legatees. In pursuance of his appointment, the auditor met the parties in interest, on the 11th day of February, 1857, and it was then agreed that the estates of George and Charlotte, should be brought before the auditor for distribution, as both depended on precisely the same facts, and the same legal principles, and the administration accounts in each estate had been settled and confirmed. In the course of the hearing before the auditor, the counsel for Yost Loar's children (the appellees), offered certain parol testimony, as bearing on and influencing the construction of those provisions in the wills on which the present controversy turns. The counsel for the appellant objected to this testimony, but it was received by the auditor. Peter Stickle, as one of the "nearest heirs" of the testators, claims an equal share of the funds in question, with the children of Yost Loar, deceased, the appellees. That he was one of the "nearest heirs," and in the same degree with the Yost Loar children, was admitted by the appellees, but his claim was resisted, on the ground, that by the "one dollar" legacies given him in the wills, the testators intended to give him no more, and that he was thereby barred from further claim. The auditor adopted the views of the appellee's counsel, and reported that the appellant, although one of the "nearest heirs," was entitled only to the dollar legacies, and awarded the whole balance of the two estates to Yost Loar's children, and the court below (GILMORE, P.) sustained the appellant's exception to the parol testimony, confirmed the report, and overruled the other exceptions, on the legal point, as to that construction of the wills which would make Peter Stickle a distributee *per capita*, with Yost Loar's children.

From which ruling of the court, Peter Stickle appealed, and assigned the same as error.

*Watson*, for appellant.—The language of these clauses in the wills do not *ex vi termini* work an exclusion against the heir and legatee. After making these one dollar bequests to appellant, each of the devisors gives the proceeds of his or her estate to "my heirs." This being the latter clause in the will must stand: 1 *Jarman on Wills* 411–12–13; Sherratt *v.* Bentley, cited by *Jarman* at page 412; Ulrick *v.* Litchfield, 2 *Atkins* 372; 3 *Wh.* 162, 168. When there is no ambiguity on the face of the will, no evidence *aliunde* can be received: 1 *Jarman on Wills* 349–57–58;

[Stickle's Appeal.]

Yard's Appeal, 1 *Harris* 581; Bender *v.* Dietrich, 7 *W. & S.* 284–86–87; Iddings *v.* Iddings, 7 *S. & R.* 111–13–14; 2 *Rop. on Leg.* 328; 5 *Ves.* 243; 2 *Taunt.* 109.

*Montgomery & Gibson* and *Acheson & Wilson*, for appellees.— For reasons satisfactory to themselves, the testators determined to cut off Peter Stickle from all participation in the distribution of their estates. The devise of one dollar to him, was intended by each testator to be in full for his share in the estate. It is not contended that parol evidence is admissible " to contradict, add to, or explain the contents of a will," but that it may be resorted to for the purpose of " showing the situation of the party in all his relations to persons and things around him :" 1 *Greenleaf's Ev.* § 284, note, citing *Wigram on Wills; 1 Jarman on Wills* 363.

The opinion of the court was delivered, November 19, 1857, by LEWIS, C. J.—Where there are two clauses in a will which are so inconsistent with each other that it is impossible to give effect to both, the first must give way to the last, because the latest manifestation of the will of the testator is to control. But in the construction of a written instrument, it is the duty of the court to endeavour to give effect to every part of it. It is only when this is impossible that the rule first mentioned has place. With this principle in view, we see no difficulty in the case before us. The legacy of one dollar is payable immediately and absolutely. The residuary legacy does not take effect in possession until after the death of the tenant for life. The enjoyment of the first by the legatee, depended upon his being alive at the death of the testator. The enjoyment of the other by the legatee rests on the contingency of his surviving the tenant for life. They are not so inconsistent with each other as to require either to give way. Both may well take effect. It may be possible that the legacy of one dollar to Peter Stickle was given under the erroneous notion that it would cut him out of all further share in the estate. But the bequest can have no such effect; whereas here, the testator, in a subsequent clause, gives a residuary legacy to a class which clearly includes the first legatee. He is one of the " nearest heirs" of the testator, and by that description he must come in equally with the other residuary legatees named in the auditor's report. If an *heir* is not to be disinherited except by express direction, or necessary implication, he surely cannot be deprived of his legacy, expressly given, by an implication not necessarily arising from any part of the will, and which, at most, is but a bare suspicion. The testator may have intended to cut him off with a dollar, but he has expressed a contrary intention.

It is decreed that the money be divided equally amongst Peter Stickle and the other legatees named in the auditor's report, and that the appellees pay the costs.