*O*

# Reisher's Estate.

*Wills—Construction—Intention—Codicil — Reference to will — Incorporation by reference—Devise subject to "restriction" in will —Devise by implication.*

1. Where a codicil refers to restrictions in the body of the will such reference is to be given the same force and effect as though the restrictions had been set out in totidem verbis immediately following the gift itself, since will and codicil constitute but one instrument and are to be construed together.

2. In its popular sense the word "restriction" means limitation or qualification of something paid.

3. A devise, although not formally expressed in the will may be implied where it is needed in order to carry out the intention of the testator; but such implication never arises where it contradicts some expression of intention, and only when it affords such a strong probability that an intention to the contrary cannot be supposed.

4. Testator devised certain real estate in equal shares to his two sons for life, and in the event of the death of either son, gave one-half in remainder to the youngest daughter of the first son and the other half to the children of the second son. By codicil testator provided "the whole bequest in my will to my first son and at his death to his youngest daughter is hereby revoked......I devise ......one-half of the......property (in question) to (testator's wife, naming her), during her natural life, and at her death the said one-half devised to wife is given to my (second) son...... under the same restrictions as I have given him the other half in the body of my will." *Held,* (1) the testator in subjecting the gift in the codicil to the same "restrictions" as he had imposed in the will had reference to the provision by which he gave to the children of the second son upon their father's death a remainder in fee in the one-half of the property, and (2) the children of said second son took by implication a remainder estate in fee in the whole of the property in question.

Argued March 11, 1918.   Appeal, No. 213, Jan. T., 1917, by Metta C. Reisher, Grace Gilbert, Hazel Spahr and Farmers & Merchants Trust Company of Chambersburg, Guardian of Arthur S. Reisher, Theodore Reisher, Walter E. Reisher, Mildred E. Reisher, Gladys M. Reish-

er, Rosalie L. Reisher and John L. Reisher, from decree
of O. C. Franklin Co., dismissing exceptions to sheriff's
inquisition in partition proceedings in estate of Samuel
Reisher, deceased.   Before BROWN, C. J., STEWART,
MOSCHZISKER, FRAZER and WALLING, JJ.   Reversed.

Petition for partition of a decedent's real estate.  Be-
fore GILLAN, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed the exceptions to and con-
firmed the sheriff's inquisition.   Metta C. Reisher, Grace
Gilbert, Hazel Spahr and Farmers & Merchants Trust
Company  of Chambersburg, Guardian of Arthur A.
Reisher, Theodore Reisher, Walter E. Reisher, Mildred
E. Reisher, Gladys M. Reisher, Rosalie L. Reisher and
John L. Reisher appealed.

*Error assigned,* among others, was the decree of the
court.

*Walter K. Sharpe,* with him *William S. Hoerner, T. Z.
Minehart* and *Irvin C. Elder,* for appellants.—It is a rule
of construction of wills that words of reference or rela-
tion in a devise or gift, operate to transplant the limi-
tations or conditions attached to the latter, into the
former, just as though they had been expressly repeated:
Llewellyn v. Earl of Jersey, 11 M. & W. 183; Davies v.
Hopkins, 2 Beav. 276; Re Colshead's Will, 2 De G. & J.
690.

Words to which reference is made in an instrument
have the same effect and operation as if they were in-
serted in the clause referring to them: McDonald v. Dun-
bar, 20 W. N. C. 559.

The words employed in the codicil were intended to
destroy the legacies and devise contained in the will given
to testator's son, Daniel, and his daughter: Eisiminger
v. Eisiminger, 129 Pa. 564; Lewis's App., 108 Pa. 133;
Waln's Est., 156 Pa. 194.

*J. R. Ruthrauff,* with him *A. J. W. Hutton, O. C. Bowers,* and *W. O. Nicklas,* for appellees.—A clear gift in a will is not to be cut down by an ambiguous or equivocal codicil, which may justify either of two opposite interpretations: Sigel's Est., 213 Pa. 14; Mifflin's Est., 49 Pa. Superior Ct. 605.

In the interpretation of a will words can be supplied only when the intention to be helped is apparent beyond a reasonable doubt, and in order to give effect to the most unquestionable purpose of the testator: France's Est., 75 Pa. 220; Varner's App., 87 Pa. 422; Bender v. Detrich, 7 W. & S. 284; Cowles v. Cowles, 53 Pa. 175; Hellerman's App., 115 Pa. 120; Hancock's App., 112 Pa. 532.

An heir at law can only be disinherited by express devise or necessary implication, and that implication has been defined to be such a strong probability that an intention to the contrary cannot be supposed: Bender v. Detrich, 7 W. & S. 284; Bortner's Est., 43 Pa. Superior Ct. 429; Cowles v. Cowles, 53 Pa. 175; Lipman's App., 30 Pa. 180; Grimm's App., 89 Pa. 333; Abel v. Abel, 201 Pa. 543; Howe's App., 126 Pa. 233; Jacob's Est., 140 Pa. 268; Bruckman's Est., 195 Pa. 363.

OPINION BY MR. JUSTICE STEWART, April 22, 1918:

The point at issue here can be understood only as we have before us the main features of the will and codicil, which together give rise to the dispute. The will of the testator, Samuel Reisher, late of Chambersburg, dated July 6, 1892, contains the following devise: "The Smith property on Main Street adjoining Wm. M. Wallace's Estate on the South, and Adam Christ on the North, I give, devise and bequeath to my two sons, Daniel S. and Jacob Sener, they to receive the rents, issues and profits thereof during their lives, to be divided equally between them, after all taxes, repairs and insurance is deducted off. Daniel S. to manage said property, and to account to Jacob S., for his share, and in event they can not agree, upon petition to the Judge of the Orphans' Court by

either, I authorize said Court to appoint a trustee to manage the same. At the death of either Daniel S. or Jacob S., I give, devise and bequeath the said property to the youngest daughter of Daniel S. and to the children of Jacob S., their heirs, or assigns, they to take their father's share." By codicil dated February 5, 1893, testator directs as follows: "The whole bequest in my will to my son, Daniel S. Reisher and at his death to his youngest daughter is hereby revoked. The house in which I live not being fully sufficient for the support of my wife, I devise and bequeath the ½ of the Smith property to the said Nancy during her natural life, and at her death the said ½ (one-half) devised to wife is given to my son, Jacob S. Reisher under the same restrictions as I have given him the other half in the body of my will, and further I appoint H. Gehr, trustee to manage said property." A proceeding in partition was begun with respect to the Smith property by the children of Daniel S., who meanwhile had died intestate, claiming that an undivided half interest in the Smith property had vested at the death of the testator in Daniel S. Reisher and Jacob S. Reisher as residuary devisees, there being no gift over of the fee in said one-half, and that upon the death of Daniel S. and Jacob Sener, the said fee in the one-half descended under the intestate laws to their children and heirs at law. Inquisition was awarded, and upon return made, exceptions were filed on behalf of appellants, children of Jacob Sener who claimed that under the will one-half interest in the property had been given to their father, and that under the codicil the other half which in the will had been given to Daniel S. was devised to testator's widow and his son Jacob Sener for life and upon the death of the widow the entire life estate in said one-half and the fee was devised to the children of Jacob Sener; that both these life tenants being now deceased the exceptants as owners of the fee in the entire property are entitled to the possession, and that therefore the petitioners being without interest or title in the premises, the

proceedings should be dismissed. The view advanced by the petitioners as to the true constructions of the will and codicil prevailed in the lower court, and the return to the inquest was accordingly confirmed. The appeal is from the decree of confirmation.

In searching for the intention of the testator, which, of course, when ascertained, must govern, whatever difficulty is encountered arises because of the inapt way in which he devises upon the death of the widow the remainder interest in the one-half of the Smith property to the son Jacob S. The language of the codicil is, "and at her death the said one-half devised to wife is given to my son Jacob S. under the same restrictions as I have given him the other one-half in the body of my will." This reference by the testator to the restrictions in the body of the will is to be given the same force and effect as though the restrictions had been set out in totidem verbis immediately following the gift itself, since will and codicil constitute but one instrument and are to be construed together. The question therefore is what are the "restrictions" in the body of the will to which the gift to Jacob was subjected? Answer to that question can be returned only as we first ascertain what the testator understood by the word "restrictions," as he here employed it. We may dismiss all idea that he used it in a technical sense, for it has none. In its popular sense it means limitation or qualification of something said, and to give it any effect in the connection here used it must be so understood and applied, and even then with more or less liberality of construction. Turning to the will proper as distinguished from the codicil, what is there appearing there that testator could have understood as a restriction on the interest given to his son Jacob S. in the Smith property? Were it not for the fact that by the very codicil whose provisions we are now considering the devise to Daniel S. and at his death to his youngest daughter of a half interest in the Smith property had been expressly revoked, it might with no little force be

argued that what the testator had in mind was to subject the half interest given under the codicil to Jacob S. to the management and control of the property to Daniel S. as provided in the body of the will with respect to the cotenancy there established. But with the elimination of Daniel and his daughter from all connection with or interest in the Smith property, as shown by the revocation of the devise to him and her, and the appointment of Mr. Gehr to do just what Daniel S. was appointed by the will to do, these considerations make it impossible to accept any such explanation. What then remains in the will that the testator could have understood as a restriction? Absolutely nothing unless we find it in what follows immediately after the provision with respect to the management of the property during the continuance of the life estate of Daniel S. and Jacob S. which is as follows: "At the death of either Daniel S. or Jacob S., my sons, I give, devise and bequeath the said property to the youngest daughter of Daniel S. (revoked by codicil) and to the children of Jacob S., their heirs or assigns, they to take their father's share." Nowhere by express words in the will is the estate given to Daniel S. and Jacob S. as a life estate in each. To the educated mind there could be no doubt however that no greater estate was intended, but to the mind unskilled in such matters it might very well seem that the gift over was a "restriction" which made certain that which had not been adequately expressed in connection with the preceding gift. However, that may be, and independent of it, we think it reasonably certain that the testator in subjecting the gift to the same "restrictions" as he had imposed in the will had reference to the provision by which he gave over to the children of Jacob S. a remainder in fee in the one-half of the property. Certain it is that except for this construction there is nothing to which the provision could apply and it is otherwise meaningless. If we are correct in this construction of the will, what results with respect to the fee in the one-half given to Jacob S. for life? It is

nowhere disposed of in express words, except as we discover it included in the gift over to the children of Jacob S. contained in the will, and accept that as one of the "restrictions" under which Jacob S. was to enjoy his gift under the codicil. It is the contention of the appellee that for the lack of any express disposition of this fee it falls into the residuary estate in which, under the will, Daniel and Jacob S. are to share equally. As against this there is the conclusion expressed above which we need not discuss further, that the one "restriction" testator had in mind to impose on the gift to Jacob S. when he published his codicil, was that which in the will limited the gift to a life estate. The gift contained in the codicil was "under the same restrictions" as that expressed in the body of the will with respect to the gift there made. That "restriction" in the will proper expressly stated that the gift over was to the children of Jacob S., still, there is in the codicil no express gift of the fee to the children of Jacob S.; but it is not necessary that there should be, if we have succeeded in ascertaining the true intention of the testator. A devise, although not formally expressed in the will, may be implied where it is needed in order to carry out the intentions of the testator: Beilstein v. Beilstein, 194 Pa. 152. True, such implication never arises where it contradicts some expression of intention, and only when it affords such a strong probability that an intention to the contrary can not be supposed: Rupp v. Eberly, 79 Pa. 141. Here the implication contradicts nothing in the will and affords such strong probability that it correctly gives effect to the real meaning and purpose of the testator that a contrary purpose cannot be supposed. We are of the opinion that under the provisions of the codicil, the children of Jacob Sener Reisher took by implication, an estate in fee in the whole of the Smith property. This being our conclusion the decree of the court below in confirming the report of the inquisition must be reversed and the partition proceedings be dismissed at the costs of the appellee. It is now so ordered.