## Onderdonk's Estate.

*Wills—Codicil—Construction.*

daughter were each to receive the income from $5,000; the remainder of said share to be placed in the testator's residuary estate.

*Held*: The provisions of the codicil limited the interest of the son and daughter to the specific sums mentioned.

Argued October 9, 1925. Appeals Nos. 113 and 114, October T., 1925, by Margaret O. Hickey and Charles S. Onderdonk, Jr., from decree of O. C. Philadelphia County, April T., 1918, No. 587, in the Estate of John P. Onderdonk, Deceased. Sur Trust for Charles S. Onderdonk appeals of Margaret O. Hickey and Charles S. Onderdonk, Jr. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exception to auditor's report. Before GEST, J.

The facts are stated in the following opinion of the court below:

John P. Onderdonk died on March 17, 1917, leaving two brothers, Charles and George, and three sisters, Eudora, Mary and Cynthia. By his will, dated May 20, 1887, he gave his residuary estate to his brothers and sisters, but directed that the shares of George and his sisters should be held in trust until the expiration of twenty-one years from the death of the survivor of them, the income to be paid share and share alike among George and his sisters, and, in case of the death of either (any) of them leaving issue, the issue to be paid the share of income their parents would have taken if living; and in case of the death of either (any) of them without leaving issue or descendants him or her surviving (or leaving such that shall die before the period for the termination of the trust), the testator directed that the shares of the principal, the income of which is paid to her or them, should be divided equally among all the brothers and sisters then living and the issue of any that may be deceased, the issue taking their parents share; the shares of George or his sisters or the descendants of either

(any) of them that may be deceased to continue to be held in trust in aggregation with the other shares held for them upon the same trusts and with the same powers. And at the expiration of the period of twenty-one years after the death of the last survivor of them, the principal was directed to be divided among the descendants then living of George and his sisters per stirpes.

The construction of the will however is greatly complicated by the subsequent codicils, which, so far as they affect the questions now presented, will be stated as follows:

By codicil No. 1, dated January 4, 1893, the testator directed that, upon the decease of Mary, one-half of her share should be divided among his surviving brothers and sisters, to be held in trust "the same as the original division of shares and subject to the same conditions," and that the remaining one-half of said shares should go to her child (F. Percy Vail), to be held in trust as provided in the will, giving as the reason the fact that F. Percy Vail has money to come to him from other sources.

By codicil No. 2, dated December 7, 1909, the testator revoked and cancelled the share given to George V. Onderdonk, and bequeathed to his executor $15,000 in trust under all the terms and conditions set forth in the will, to pay the income to George during his life and on his death directed the said $15,000 to become part of the residuary estate.

By codicil No. 3, dated November 10, 1914, the testator revoked and cancelled the share of Charles and bequeathed the same to his executor in trust for Charles, under and subject to all the terms and conditions contained in the will relative to George and his sisters, in trust to pay the income to Charles during his life, and on his death the testator directed the trustee "for reasons best known to myself and uninfluenced by any one" to hold $5,000 in trust to pay the income to

Charles S. Onderdonk, Jr., and on his death to divide the said $5,000 among any children he might leave surviving, and should he leave no children surviving, "then the said $5,000 shall be paid to my residuary estate." And he provided similar trusts of $5,000 each for Laura E. Onderdonk (who however predeceased the testator without issue), and for Margaret O. Hickey, the said Charles, Jr., Laura and Margaret being children of Charles, the testator's brother. After providing for these trusts, the testator directed "the balance of said share held in trust for my brother, Charles S. Onderdonk, I order and direct my said trustee to pay over to my residuary estate."

In codocil No. 2 the testator ratified and confirmed his will and codicil No. 1 in every particular, except where the same thereby revoked, cancelled or altered it, and in codicil No. 3 he ratified, confirmed and republished his will and the two prior codicils in every particular, except where the same were thereby revoked, cancelled or altered.

At the audit of the executors account, it was claimed, on behalf of Charles, that the effect of codicil No. 2 was to cause an intestacy as to the remainder of George's share after the reservation of $15,000 in trust for him, but the Auditing Judge (GEST,J.) held that this remainder went to augment the residue given in trust for the other beneficiaries and which was awarded one-fourth in trust for Charles, one-fourth in trust for Mary and one-half in trust for Eudora and Cynthia.

Exceptions were filed to this adjudication by Charles, but they were subsequently withdrawn.

After this, Eudora died without issue, on July 3, 1923, and an account was filed by the trustee of the estate held in trust for Eudora and Cynthia. The Auditing Judge (GEST, J.) held that the trust continued, but that the income, formerly payable to Eudora and released by her death, became payable to Charles,

521. (1926).]      Opinion of the Court below.

George, Mary and Cynthia, the awards being made to the trustee in trust for those persons. Exceptions were filed by Charles, Cynthia and Mary to this adjudication, on the ground that George should have been excluded and the released income should have been awarded in trust for Charles, Cynthia and Mary. These exceptions were dismissed by the Court in Banc, opinion by HENDERSON, J.

Charles subsequently died on March 21, 1924, leaving two children, Charles S. Onderdonk, Jr., and Margaret O. Hickey, and Mary, sister of the testator, died July 3, 1924, leaving one child, F. Percy Vail. The trustee has filed its accounts of the estates held in trust for them as aforesaid.

By the adjudication of the account of the estate held in trust for Charles, there was awarded $5,000 in trust for his son Charles and $5,000 in trust for his daughter, Margaret O. Hickey, and the residue was awarded to the trustee in trust, the income being awarded to the trustee in trust to pay one-fourth to George, one-fourth to Cynthia, one-fourth to Mary and one-fourth to the children of Charles. To this adjudication, exceptions have been filed; first, by the two children of Charles, who claim that they are entitled to the entire income; second, by Cynthia, who claims that Charles' children should be excluded and that she is entitled to one-third instead of one-fourth; and, third, by F. Percy Vail, son of Mary, who claims also that Charles' children should be excluded, and further that the Auditing Judge should have defined with more exactness the share which he should take.

Mary O. Vail died on May 5, 1924, leaving issue one son, F. Percy Vail, and the trustee filed its account of the estate held in trust for her.

The Auditing Judge in his adjudication awarded one-half of the estate in trust for F. Percy Vail for life, and this award is admittedly correct. As to the other one-half, the Auditing Judge held that the words

of the first codicil "my surviving brothers and sisters" meant those who survived Mary O. Vail and whose shares were then held in trust for them, that is Cynthia O. Hunt and George V. Onderdonk. To this adjudication, exceptions were filed; first, by F. Percy Vail, claiming that he is entitled to one-third of the income of this one-half, and, second, by Charles S. Onderdonk, Jr., and Margaret O. Hickey, the two surviving children of Charles S. Onderdonk, claiming that they are entitled to one-third of said income.

The exceptions in both cases were argued with great ability by the learned counsel for the parties. We shall now proceed to dispose of them seriatim.

## The Trust for Charles S. Onderdonk.

The will as originally written is clear enough, but the testamentary intention is rendered very obscure by the codicil, in connection with which it must be construed, and our careful study convinces us that no conclusion can be arrived at which is entirely free from doubt. The Auditing Judge ruled that the income released by the death of Charles S. Onderdonk, over and above that required by reason of the gift of the two legacies given in trust for the benefit of his two children, should be divided equally among the other four shares of the estate, and this he held upon the ground that the children of Charles are not to be disinherited by implication, and that, while it is possible the testator intended otherwise, yet, as he said in so many words, that the income was to become a part of the residuary estate, it must be distributed as such, that is among the four shares, viz., those given in trust for George, Cynthia, Mary and Charles, Eudora having died without issue to represent her share. While there is much to be said in support of this theory, and much was ably said by the learned counsel for the children

of Charles, we are, on the whole, of the opinion that the testator intended to exclude them.

Let us suppose that the testator, in writing codicil No. 3, had intended to place the share of Charles in trust for his life, and that after his death his children should have the income, which is what they now contend they are entitled to, he need only have directed that Charles' share should be held in trust for his benefit "under and subject to all the terms and conditions set forth in the trusts contained in my will relative to my sisters and George V. Onderdonk," without more. But in this third codicil, which gives rise to the question, the testator makes a fundamental change in the provisions of his will, and the devolution of his estate on the death of Charles, when he there directed that the trusts of $5,000 each be established for Charles' children. This change he says that he makes for "reasons best known to himself and uninfluenced by any one." Had he stated his reasons, our task of construction might have been easier. As it is, we can only infer them from the circumstances of the case, and it is the fact that the three children of Charles mentioned in the will, for whom he specially provided therein, were Charles' children by his first wife, from whom he had been divorced and for whom he provided in terms of trust radically different from those relating to the general residuary estate. At any rate, he states what these children shall receive, nominatim, and there is nothing from which it can be inferred that he intended to give them any more. In addition to this, the testator, in this codicil No. 3, provided that Charles' share shall be held in trust subject to all the terms and conditions set forth in the trusts contained in his will relative to his sisters and George V. Onderdonk; and we think that the special mention of his sisters and his brother George is indicative of an intention to exclude the children of Charles from any participation in the income which is the subject of these

exceptions. We cannot believe that the testator intended these children to take the income from the special trusts of $5,000 each and also the income of the residue from which these trust estates were carved, and our conclusion is supported by Crock's Est., 231 Pa. 271, a very similar case.

Upon the whole, the exceptions of Charles S. Onderdonk, Jr., and Margaret O. Hickey are dismissed, and those filed by Cynthia O. Hunt and F. Percy Vail are sustained. A schedule of distribution in accordance with this opinion will be submitted to the Auditing Judge for his approval.

## TRUST FOR MARY O. VAIL.

The exceptions filed in this case relate, as above stated, to the construction given by the Auditing Judge to the words "my surviving brothers and sisters" in the first codicil to the will. Language such as this in a will almost invariably gives rise to question, and the meaning in which the testator used them can only be ascertained, if at all, by a study of the whole will, or the will and its alteration by a codicil, which is the case here. We are of opinion that the Auditing Judge was correct in his disposition of this question, and, for the reasons which he has given, we dismiss the exceptions filed by the children of Charles and by F. Percy Vail, and the adjudication is confirmed absolutely.

And Now, to wit: February 18, 1925, it is ordered and decreed that the Exceptions to the Adjudication of LAMORELLE, J., filed by Charles S. Onderdonk, Jr., and Margaret Onderdonk Hickey, are dismissed and the exceptions filed by Cynthia Onderdonk Hunt and F. Percy Vail are sustained; and it is further ordered and decreed that the principal estate given by the Will and the third Codicil In Trust for Charles S. Onderdonk be and hereby is awarded to the Pennsylvania Company for Insurances on Lives and Granting Annui-

ties, In Trust for Charles S. Onderdonk, Jr., Five thousand dollars ($5,000), the income to be paid to him for life and upon his death the principal to be divided among such children as he may leave surviving and in the absence of surviving children to the testator's residuary estate; and the sum of Five thousand dollars ($5,000) In Trust for Margaret Onderdonk Hickey, the income to be paid to her for life and upon her death the principal to be divided among such children as she may leave surviving and in the absence of surviving children to the testator's residuary estate; and the balance after deducting the said two sums of Five thousand dollars ($5,000) to be held by the said Trustee In Trust for George V. Onderdonk, Cynthia Onderdonk Hunt and Mary Onderdonk Vail and their respective issue upon the terms set forth in the residuary clause of the Will.

The income as shown by the account is awarded as follows:

To the personal representatives of Charles S. Onderdonk, deceased, his share pro rated to the date of his death; and whatever remains to be applied in the first instance to the two legacies of Five thousand dollars ($5,000) each set apart for Charles S. Onderdonk, Jr., and Margaret Onderdonk Hickey, and the balance to the Pennsylvania Company for Insurances on Lives and Granting Annuities, as Trustee, to pay one-third thereof to George V. Onderdonk, one-third thereof to Cynthia Onderdonk Hunt and one-third to the personal representatives of Mary O. Vail apportioned to the date of her death and the balance to F. Percy Vail.

Margaret O. Hickey and Charles S. Onderdonk, Jr., appealed.

*Robert T. McCracken,* and with him *C. Russell Phillips,* for appellants.—The gifts to the children do not

exclude them from further sharing in the remainder: Sigel's Estate, 213 Pa. 14; Hoyt's Estate, 236 Pa. 433; Gantz v. Tyrell, 7 Pa. Superior Ct. 249; Lefebvre v. D'Arcy, 236 Pa. 235; Moyer's Estate, 280 Pa. 131.

*F. B. Bracken*, and with him *B. A. Pennypacker* and *J. Edgar Butler*, for appellees.—The specific legacies to the children excluded them from further sharing in the remainder: Frechie's Estate, 62 Pa. Superior Ct. 48; Line's Estate, 221 Pa. 374.

OPINION BY HENDERSON, J., February 26, 1926:

This is an appeal by Margaret O. Hickey and Charles S. Onderdonk, Jr., from the adjudication of the Orphans' Court distributing a portion of the estate of John P. Onderdonk under the third codicil of the will of the said decedent. The appellants are children of Charles S. Onderdonk who under the provisions of the original will became entitled to one-fifth of the testator's estate. By the codicil referred to the estate devised and bequeathed to Charles S. Onderdonk in the will was cancelled, and in lieu thereof the testator devised and bequeathed to the said Charles S. Onderdonk the same share of the testator's estate to be held in trust for the benefit of said Charles S. Onderdonk under and subject to all the terms and conditions set forth in the trust contained in the will relative to the testator's sisters and his brother, George V. Onderdonk; payment to be made of the income of such share to the said Charles S. Onderdonk during the term of his natural life, and immediately after the death of said Charles S. Onderdonk, the executor and trustee were directed to hold in said trust the sum of $5,000, the income of which was to be paid to Charles S. Onderdonk, Jr., a son of Charles S. Onderdonk, during his natural life and at the death of said Charles S. Onderdonk, Jr., to pay the said $5,000 equally among any children that he might leave surviving, and in default of surviving children, the said $5,000 were to be

paid to the testator's residuary estate. A similar legacy was provided for in behalf of Margaret Onderdonk Smith, a daughter of Charles S. Onderdonk. The present appeal raises the question who is entitled to the balance of the Charles S. Onderdonk legacy after the subtraction of $5,000 to each of the children of the said Charles S. Onderdonk as above recited? The appellants claim participation in said fund under the general provisions of the original will. The appellees contend that the bequests to the children of Charles S. Onderdonk are a substitute for their shares under the gift to the father, and that they are thereby excluded from any participation in the balance of their father's share. A consideration of the codicil in question in connection with the will shows that by appropriate language the testator set apart out of the estate bequeathed and devised to his brother, Charles S. Onderdonk, $5,000 to each of the children, the latter gifts to take effect on the death of their father; the balance of the Charles S. Onderdonk share to be placed in the residuary estate of the testator. There was here a clear gift for life to Charles S. Onderdonk, and a provision that on his death $5,000 should go to each of his children, a nephew and niece of the testator. As there was a direct appropriation of the remainder to the testator's residuary estate, an implication seems to arise that the testator intended the nephew and niece to be benefitted only to the extent of the legacies above referred to. They are specifically named as legatees to the extent stated in the codicil and none of the provisions of that instrument expresses a purpose that they shall participate in any other part of the testator's estate. The provision as to these two legatees is so unlike that made in the will for the children of the testator's brothers and sisters, that it may be well held their interest is limited to the specific sums mentioned. The learned counsel for the appellants has presented a forceful argument in support of the contention that

under the general provisions of the will these appellants are entitled to participate in the balance of the Charles S. Onderdonk estate, but we are not convinced that the construction contended for is supported by the will and the codicils. The opinion of Judge GEST in the Orphans' Court contains a clear and comprehensive discussion of the whole subject, and it is unnecessary to give extended consideration to the details of the will on which the case must rest.

The decree is affirmed and the appeals dismissed at the cost of the appellants.