## Onderdonk's Estate.

*Wills—Codicil—Construction.*

The will of a testator provided that his property was to be divided into five shares, one of which was given to each of his brothers and sisters. The shares of his sisters and one of his brothers were placed in trust, the income to be paid to the beneficiaries during their respective lives. Upon the death of a beneficiary the income of his share was to be paid to his issue. By a codicil the testator provided that at the death of one of his sisters, half of her share was to be divided equally "among my surviving brothers and sisters."

*Held*: The brothers and sisters surviving the sister named in the codicil, take the half share, to the exclusion of children of a deceased brother.

Exceptions to adjudication. Before GEST, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Charles S. Onderdonk, Jr., and Margaret O. Hickey, appealed.

*Error assigned,* was in dismissing the exceptions to adjudication.

*Robert T. McCracken,* and with him *C. Russell Phillips,* for appellant.—The word "surviving" should be construed as "other": Kales Estates and Future Interests, 2nd Edition, 1920, Section 602; Fox's Estate, 222 Pa. 108; Waln's Estate, 25 Dist. Rep. 607; Patrick's Estate, 162 Pa. 175; Bacon's Estate, 202 Pa. 535; Vance's Estate, 209 Pa. 561.

*F. B. Bracken,* and with him *B. A. Pennypacker,* for appellee.

OPINION BY HENDERSON, J., February 26, 1926:

This contest arises in a distribution proceeding under the will of John P. Onderdonk. By the testator's will the property was divided into five shares, one of which was given to each of his brothers and sisters. The shares of his sisters and of his brother George were placed in trust however—the income to be paid to the beneficiaries during their respective lives, the trust to continue until twenty-one years after the death of the last survivor of them, and in the event of the death of any beneficiary leaving issue, such issue was to participate in the income in proportion to the parent's share. In the event of the death of such issue before the termination of the trust, or if any brother or sister died leaving no issue surviving him or her, the share of the principal of such deceased brother or sister was to be divided equally among all the testator's brothers and sisters then living and the issue of any that might be deceased. The question for present consideration arises under a codicil made six years after the execution of the will. This codicil provides that half of the share bequeathed to the testator's sister, Mary O. Vail, shall at her decease be divided equally "among my surviving brothers and sisters," the remaining half of said share to go to her child to be held in trust as provided in said will. Mrs. Vail died in 1924 leaving a son, F. Percy Vail. The appellants are children of Charles S. Onderdonk, deceased, who is a brother of the testator. They seek to participate in the bequest to Mary O. Vail, half of which was transferred by the first codicil of the will to the testator's "surviving brothers and sisters in trust" as before stated. To produce this result the contention is that the word "surviving" should be

## 520    ONDERDONK'S ESTATE.

construed as "other" for the reason that taking the whole will into view that construction is most consistent with the scheme of distribution which the testator had in mind. The contention on behalf of the appellees is that there is nothing in the will and its codicils which justifies such departure from the usual and ordinary meaning of the word in question, and that the survivorship referred to was that occurring on the death of Mary O. Vail. It is conceded by the appellants that the survivorship could not be referred to the time of the testator's death. The construction according to the contention of the litigants must be therefore in favor of the appellants' view or in harmony with the terms of the codicil according to its literal expression. The master and the Orphans' Court entertained the view that the language in question should be construed as referring to the date of the death of Mary O. Vail, and our examination of the subject satisfies us as to the correctness of that result. It is undoubtedly true, as contended by the appellants, that the testator in the original will had in view the distribution of his estate among all his brothers and sisters and their issue, the latter taking by representation of the parent, but this plan was changed by the codicils. Several years had elapsed before the first codicil was written and changed conditions may have brought a change of the testator's mind. His brothers and sisters were the first object of his bounty and it is not unnatural or unreasonable that he should have enlarged the gift to those who survived his sister, Mrs. Vail. For a reason referred to in the codicil, he chose to diminish the gift to his nephew, F. Percy Vail, and there is nothing in the situation of the parties or in the language used in disposing of the half share which would have gone to F. Percy Vail which induces us to believe the testator used the words "surviving brothers and sisters" in

any other than their ordinary meaning. He had referred in appropriate words to the issue of his brothers and sisters in his will and understood the significance of that term. It is reasonable to suppose that if he had intended to give the half share with like effect, he would have so indicated by clear and explicit language. There is no doubt that the testator changed his mind in the first, second and third codicils with respect to equality of distribution as expressed in the original will, and we are not persuaded that an artificial meaning should be attributed to the language of the codicil in question to effectuate the testator's supposed intention. A brother and sister survived Mrs. Vail. They were the surviving brother and sister referred to in the codicil. The bequest can be given to them without straining the language used by the testator and consistently with his purpose as may be drawn from his language and his relation to the beneficiaries. In signing the codicil the testator had in mind brothers and sisters and the son of a sister. It may therefore be fairly assumed that in using the words brothers and sisters surviving he was distinguishing them from a nephew or niece who survived. We regard the decree of the Orphans' Court as a correct construction of the will and it is therefore affirmed at the cost of the appellants.