## Onderdonk's Estate (No. 1)

Argued October 16, 1936.

Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, JAMES and RHODES, JJ.

*J. Edgar Butler,* with him *John B. Prizer,* for appellant.

*Harry Berkowitz,* for appellees.

*George P. Williams, Jr.,* of *Orr, Hall & Williams,* for appellees.

OPINION BY BALDRIGE, J., January 29, 1937:

This is an appeal from an adjudication of a trustee's account in the Orphan's Court of Philadelphia.

John P. Onderdonk died, testate, March 17, 1917, survived by two brothers, George and Charles, and three sisters, Eudora, Mary and Cynthia. The will, dated May 20, 1887, gave his residuary estate to his brothers and sisters. Charles' share was given outright, but the shares of the others were directed to be held in trust until the expiration of 21 years after the

death of the last surviving brother or sister. The income from the respective shares was ordered to be paid to them or to their issue per stirpes, and, in the event of the death of any of them without issue, the income was to be paid to the brothers and sisters then living and to the issue of any deceased brother or sister, such issue taking their parent's share, "and the shares falling to my brother George V. Onderdonk or sisters or descendants of either of them that may be deceased, to continue to be held in Trust in aggregation with the other shares held for them, upon the same trusts and with the same powers."

The present appeal arose under the first of several codicils, dated January 4, 1893, wherein the testator stated that he desired to alter his will, and directed "that one-half (½) of the share bequeathed to my said sister Mrs. Mary O. Vail, shall at her decease be divided equally among my surviving brothers and sisters, to be held in trust, the same as the original division of shares, and subject to the same conditions. The remaining one-half (½) of said share shall go to her child, to be held in trust as provided in said Will and Testament (not from any ill will or lack of affection is this, but because said child has money to come to him from other sources while my brothers and sisters have not)."

The second codicil, dated December 7, 1909, revoked the will as to George's share and gave him $15,000, in trust, as provided in the will, and at his death it was to fall into the residuary estate.

By the third codicil, dated November 10, 1914, testator revoked the absolute gift to Charles and placed his share in trust and directed that upon the death of Charles, there should be held in trust $5,000 for each of his two children, and the residue was to be paid over to testator's residuary estate.

This will and the codicils have reached this court

three times *(Onderdonk's Est.,* 87 Pa. Superior Ct. 518, 87 Pa. Superior Ct. 521; 95 Pa. Superior Ct. 25) prior to the two appeals which are now before us.

Mary Vail died in 1924, and thereafter an account was filed by the trustee. Upon adjudication thereof, the court below awarded one-half of the income for distribution to George and Cynthia, the surviving brother and sister (Eudora having died without issue, July 23, 1923), and the other one-half to Percy Vail. Upon an appeal taken by the children of Charles, the decree of the court below was affirmed (87 Pa. Superior Ct. 518). Upon Cynthia's death on January 10, 1932, her one-fourth interest in the income from the Mary Vail share was awarded to Cynthia's four children. George, the last survivor of the brothers and sisters, died on August 3, 1935, without issue.

The auditing judge in the present adjudication dismissed the contention of Percy Vail, the appellant, that he was entitled to the entire income from the original share of his mother, and awarded one-half of the income to him and the other one-half to the children of Cynthia (Charles' children having been excluded, as in a previous adjudication. See 87 Pa. Superior Ct. 521).

The appellant contends that the codicil did not revoke the share he was entitled to receive under the will, but only postponed it until after the death of the testator's brothers and sisters, as they were the primary object of testator's bounty because they were in need of financial aid; but that reason could not be said to apply to their children; and that furthermore there is no intention expressed in the will to give the brothers and sisters an interest in his mother's estate. The exact question now presented did not arise in the former appeals, as the last survivor of the brothers and sisters was not then dead. Those cases are not

conclusive of, but they are of aid in solving, the present controversy.

It is very obvious that it was not the thought of the testator to make an equal stirpital division of the income from the trust estate. When the first codicil was made about six years after his will, he evidently concluded that Mary's son, at her death, should not receive all the income from the share he originally gave her. He, no doubt, was influenced by his knowledge that Percy had other financial resources. If the testator had intended to set up life estates to the brothers and sisters in the first codicil, he would have done so in appropriate language, as he did create life estates in the two later codicils. Instead, he expressly gave to his surviving brothers and sisters a portion of Mary's share, to be held in trust, as in the original division of his property in the will and "subject to the same conditions."

The appellant contends that the words "subject to the same conditions" merely refer to the limitation of the trustee's powers and the spendthrift trusts. We think the expression is more comprehensive; it includes also the terms or conditions under which the trusts were created. The codicil must be construed in connection with the will, and where, as here, it refers to restrictions in the body of the will, such reference is given the same force and effect as if set forth in the codicil itself: In re *Bissell's Est.,* 302 Pa. 27, 153 A. 692; In re *Rainear's Est.,* 304 Pa. 539, 156 A. 166.

In re *Reisher's Est.,* 261 Pa. 223, 104 A. 555, the testator gave his two sons, Daniel and Jacob, for their respective lives, the rents and issues of certain real estate after the payment of taxes, repairs, etc. Daniel was to manage the property and account to Jacob. In the event they disagreed, the court was to appoint 'a trustee. The interest of Daniel was revoked by a codicil, and it was given to the testator's wife during

her natural life, and at her death the one-half interest was devised to Jacob "under the same restrictions as I have given him the other half in the body of my will." The court held that while the codicil made no express gift in fee to Jacob's children, it was necessarily implied by reference to the will.

For the reasons herein expressed, we have concluded that the lower court's construction of the will and the distribution made therein are correct.

In view of our disposal of this case on the merits, it is not necessary for us to consider the motion made by the appellee to quash. We may add, however, that as the appeal was taken within three months from the date of the filing of the schedule of distribution, it was in time: *Hood's Est.*, 323 Pa. 253, 186 A. 740.

Decree of the learned court below is affirmed, at appellant's costs.