## Onderdonk's Estate (No. 2)

Argued October 16, 1936.

Before Keller,
P. J., Cunningham, Baldrige, Stadtfeld, Parker,
James and Rhodes, JJ.

*George P. Williams, Jr.,* of *Orr, Hall & Williams,*
for appellants.

*J. Edgar Butler,* for appellee.

*Harry Berkowitz,* for appellees.

Opinion by Baldrige, J., January 29, 1937:

This contest arose over a distribution of funds in
the hands of the trustee under the will of John P.
Onderdonk which was under consideration in an opin-
ion filed this day to No. 237, October Term, 1936.

These two sets of appeals were taken by the children
of Charles S. Onderdonk, viz. Margaretta Onderdonk
Hickey and Charles S. Onderdonk, Jr., who claim an
interest in the income from the trust shares of Eudora,
Cynthia, George, Charles and Mary, brothers and sis-
ters of the testator, all of whom are now dead. The
appeals to Nos. 117 to 124, and 307 to 314 involve the
same question, separate appeals having been taken by

each appellant as to each trust share. Appeals to Nos. 117 to 124 were taken prematurely (*Hood's Est.,* 323 Pa. 253, 186 A. 740) and will be disregarded.

Charles, under his brother's will, was entitled to one-fifth of his estate. By the third codicil, which is the one involved in this appeal, the testator cancelled the devise and bequest to Charles, and, in lieu thereof, he gave him a one-fifth share of his estate, in trust, under and subject to all the terms and conditions set forth in the will applicable to the shares of his sisters and brother George, payment of the income from such share to be made to Charles during his life, "and immediately upon and after the death of my said brother, Charles S. Onderdonk, I order and direct my said executor and trustee for reasons best known to myself and uninfluenced by any one, to continue to hold in trust the sum of five thousand dollars ($5,000), the income of which shall be paid to Charles S. Onderdonk, Jr., for and during his life ...... and at the death of the said Charles S. Onderdonk, Jr., to part and divide the sum of $5,000 equally among any children, and should he leave no children surviving, the said $5,000 shall be paid into my residuary estate ......" After making a similar provision for his niece, Margaretta, the codicil continues: "and the balance of the said share held in trust for my brother Charles S. Onderdonk, I order and direct my said trustee to pay over to my residuary estate ......"

The appellants frankly concede that, under the decision in *Onderdonk's Est.,* 87 Pa. Superior Ct. 521, which involved the adjudication of an account filed by the executor after the death of Charles, March 21, 1924, if any of the testator's brothers and sisters were living, they would not be entitled to participate in the fund for distribution. In the course of the opinion in that appeal, we said (p. 531):

"As there was a direct appropriation of the re-

mainder to the testator's residuary estate, an implication seems to arise that the testator intended the nephew and niece to be benefited only to the extent of the legacies above referred to. They are specifically named as legatees to the extent stated in the codicil and none of the provisions of that instrument expresses a purpose that they shall participate in any other part of the testator's estate."

The appellants contend that this decision is not controlling, as a new situation arose after the death of George; that the purpose of the codicil was not to revoke, but only restrict their shares until the death of the surviving brother or sister so as to enhance the life income of the brothers and sisters as they were in need of financial assistance, but that reason does not apply to their children; that, therefore, they should receive a full share of the income from the testator's entire estate under the will. We find nothing in the will or in this codicil to support that contention. As we interpret the testator's language, he meant to avoid such a result. He clearly expressed his desire to radically change, "for reasons best known" to himself, not only the share he gave to Charles, but also the interest that his children should enjoy.

A careful study of the will and codicil convinces us that the testator intended that his brother Charles was to have a life interest in the one-fifth of his estate, and, at Charles' death, each of his children was to have the income from $5,000 for life. The death of the other brother and sisters did not in any way affect the respective bequests to these appellants; their interests in this estate were definitely and permanently determined. Any other interpretation would, in our opinion, be in violation of the testamentary intent.

Decrees of the lower court are affirmed, at appellants' costs.