### Wolfinger Estate

*Paul D. Edelman,* for accountant.

*Harold J. Ryan,* for objector.

MUTH, P. J., September 16, 1963.—Helen Wolfinger Mange has filed objections to the proposed distribution of this trust. She contends that as the sole issue of her father, Albert W. Wolfinger, a son of testator, she is entitled to a one-fourth share of the distribution to be made upon the termination of this trust for Bessie Irene Thompson.

Testator, William D. Wolfinger, died February 18, 1933, survived by a widow, Susan J. Wolfinger, who died in 1935, and six children, namely, Albert W. Wolfinger, Carrie Savilla Devout, Harry C. Wolfinger, John P. Wolfinger, Gertrude May Wolfinger and Bessie Irene Thompson. Albert W. Wolfinger died in 1951, leaving as his only issue his daughter, Helen Wolfinger Mange; Gertrude May Wolfinger died in 1956 without issue; Bessie Irene Thompson died January 12, 1963, without issue.

Disposition of the within objections requires interpretation of the will of testator, particularly that portion of the will found in the following sections:

"(11) Upon the death of my wife, Susan J. Wolfinger, or in the event she should predecease me, the

balance of my residuary estate shall be distributed in the following manner:

"(a) I give and bequeath the sum of One Thousand $(1,000.00) Dollars to my Son, Albert W. Wolfinger, absolutely, which is to be his full share out of my estate. All matters considered, this will make this amount a fair and reasonable share for him out of my estate.

"(b) The balance of my residuary estate, after the aforesaid distribution of One Thousand $(1000) Dollars, shall be divided into five (5) equal shares or parts and distributed in the following manner:

"(1) One such share or part shall be held by my Trustee, hereinafter named, In Further Trust, to invest and reinvest the same as hereinbefore provided, and to pay the net income therefrom to my Daughter, Carrie Savilla Devout, for any during the full term of the natural life of her husband, Anson DeVout. Upon the death of her Husband, Anson Devout, or in the event she should become freed of her marriage by operation of law, the principal of her share of my residuary estate shall be distributed to her absolutely. In the event my Daughter, Carrie Saville Devout, should predecease me, or my Wife, or should die prior to receiving final distribution of her share of my residuary estate as herein provided, leaving issue surviving, the share to which she would have been entitled shall be distributed to her issue, share and share alike, or in default of issue surviving her, to my remaining children, share and share alike, per stirpes, in accordance with the terms of this my Last Will and Testament, and subject to the trusts herein created.

  *   *   *   *   *

"(V) The remaining such share or part shall be held by my Trustee, hereinafter named, In Further Trust, to invest and reinvest the same as hereinbefore provided, and to pay the net income to my daughter, Bessie Irene Thompson, for and during the full term of her

natural life. Upon her death, or in the event she should predecease me, or my Wife, the principal of her share of my residuary estate shall be distributed to her children, share and share alike per stirpes, absolutely; or in default of issue surviving her, to my remaining children, share and share alike, per stirpes, in accordance with the terms of this my Last Will and Testament, and subject to the trusts herein created."

The accountant contends that paragraph (11) (a) of the will whereby testator gives his son, Albert, a legacy of $1,000, and then adds the following sentence, "All matters considered, this will make this amount a fair and reasonable share for him out of my estate," eliminates the objector from participation in the distribution of the corpus of the trust upon termination thereof.

This trust, as well as the other three trusts created under the will of testator, in the event the beneficiaries die without leaving issue surviving, shall be distributed "to my remaining children, share and share alike, per stirpes, in accordance with the terms of this my Last Will and Testament, and subject to the trusts herein created."

In the case of a general gift to a class the rules of construction as set forth in 4 Hunter's Pennsylvania O. C. Commonplace Book, Legacies and Devises, § (11) (i) are as follows:

"A general gift to a class may include a person who has been restricted to a particular gift, or one who has been expressly excluded from benefit under the will, where the gift to the class contains no such restriction or exclusion. . . If a person qualifies within the exact meaning of language describing a class, he will be held to be a member unless other language expressly or by clear implication indicates a contrary intent." The objector contends that there is no restriction or exclusion nor any express or implied intent on the part of testator

to exclude Albert W. Wolfinger, or his issue, from participating in the class of testator's "remaining children" under any of the residuary trusts created by the will of testator.

The phrase "to my remaining children" refers to those children other than the child whose death was the occasion for the ultimate distribution from the trust. Under the circumstances of this estate, is it reasonable to conclude that this phrase means all the children of testator except Albert W. Wolfinger? The accountant contends that such is the proper conclusion because of the phrase "in accordance with the terms of this my Last Will and Testament" as well as the phrase "subject to the trusts herein contained." In support of its position the accountant calls to our attention Irwin's Estate, 11 Berks 111, wherein the testator made an express legacy of $1,000 to a daughter indicating that this was all that she was to receive out of his estate, and left the residue of the estate to nine children, naming them, and in a later paragraph of the will directed the sale of a piece of real estate and the distribution of the proceeds "to the legal heirs above or mentioned in my Will." It was held that the daughter was limited to a legacy of $1,000. In Bertolet's Estate, 11 Berks 180, testatrix excluded her daughter by an express bequest and in a secondary devise created a trust for her son with remainder "to my other heirs share and share alike." It was held that the daughter was an heir and participated in the distribution of the trust. The accountant distinguishes this case from the previous one by the absence of any indication, implication or reference to other clauses in the will thereby resting its contention solely upon Irwin's Estate, supra, as well as Onderdonk's Estate, 87 Pa. Superior Ct. 521, where there also appeared in the will a clause as follows: "Under and subject to all the terms and conditions contained in the Will." In substance the accountant con-

tends that testator by the use of the language referred to, by necessary implication, excluded Albert W. Wolfinger, and, therefore, his daughter from participating in the distribution of the trust now being accounted for.

Whether or not Irwin's Estate, supra, can be reconciled is doubtful. Nevertheless, the question before us is controlled by Simpson's Estate, 245 Pa. 244, in which the facts were as follows:

"2. A testator, who had been twice married, died leaving surviving him seven children by his second wife and the children of two deceased children by his first wife. By his will he provided that 'I give and bequeath' two hundred dollars to the latter grandchildren 'and make no other gift or bequest to them'. By the next clause he divided his entire residuary estate into seven equal parts, two of which he gave absolutely to his surviving sons, and the remaining five to trustees for his daughters, annexing to each bequest the condition that after the death of the daughter the 'capital' given in trust for her for life, was to be divided among her living children and the issue of such as might be deceased, and 'in case of the decease of my daughter (naming her) without leaving a child or children or issue of any deceased child or children her surviving, then the estate real and personal given and devised in trust for her for life shall go and I hereby give and devise the same to such person or persons and for such estates and shares therein to whom and as the same would have gone (under the Intestate Laws of this Commonwealth) had she my said daughter Mary died seized and possessed thereof intestate and unmarried. Provided however that in such case any shares or proportions thereof that would go to any of my daughters herein named shall go to and vest in their trustees herein constituted and appointed upon the same trusts upon which my said daughters' shares of my estate are herein given and devised.' One of the daughters died without issue and

the balance in the hands of the testamentary trustee was claimed by those who were of her whole blood, to the exclusion of the children and grandchildren of her deceased half-brothers. *Held,* that the last and controlling manifestation of the intention of the testator was that upon the death of his daughter her share of the estate should go to those who were entitled to it under the intestate laws and that this included the kin of half blood.

"Stickle's Appeal, 29 Pa. 234, followed. Herr's Estate, 28 Pa. 467, differentiated."

The pole star fixed for courts interpreting wills is testator's intention: Sarver's Estate, 324 Pa. 349; Wright Estate, 380 Pa. 106; and Weaver Estate, 390 Pa. 128. The intent of the testator is to be gathered from the whole and not from a few of the clauses in it: Weaver's Estate, supra; Restatement of Property, §242(c).

The question in expounding a will is not what the testator meant, but what is the meaning of his words: Berger Estate, 360 Pa. 366; Swope Estate, 383 Pa. 494. In view of the language employed by the testator in his last will, the canons of construction hereinbefore referred to and the principles enunciated in Simpson's Estate, supra, we conclude that testator in employing the phrase "to my remaining children, share and share alike, per stirpes, in accordance with the terms of this my last Will and Testament and subject to the trusts herein created," did not incorporate therein paragraph (11)(a) of the will of testator whereby he gives his son, Albert, a legacy of $1,000 upon the death of the wife of decedent, adding "this will make this amount a fair and reasonable share for him out of my estate." Testator in his will provided for distribution of his estate at different levels, and, if he intended to provide that upon the distribution of the trusts created by him, his son, Albert, was to be excluded from participation,

he would have specifically so provided. We do not conceive that reference to the $1,000 legacy to Albert modifies or changes the meaning of the phrase "to my remaining children". We must, therefore, conclude that Helen W. Mange, sole surviving daughter of Albert W. Wolfinger, is entitled to participate in the distribution of this trust, and we find that she is entitled to a one-fourth share therein and shall award distribution accordingly.